UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY MICHAEL GUSTAFSON,

      Plaintiff,                                    Case No: 1:12-cv-49

v                                                    HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits (DIB) for the reason that Plaintiff's disability ended as of February 1, 2007. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

Plaintiff presented two issues for this Court to review: (1) whether the ALJ committed legal error "in failing to properly consider" listing 12.05(C) ("Mental Retardation"); and (2) whether there is substantial evidence "support[ing] the conclusion that the claimant's impairments have improved to the point where he is now capable of substantial gainful activity" (Pl. Brief [Dkt 9] at 5). In his

Report and Recommendation, the Magistrate Judge determined that the ALJ considered the appropriate listing where, among other things, listing 12.05(C) requires a valid verbal, performance, or full scale IQ of 60 through 70 and the ALJ found that all of Plaintiff's IQ scores during the period at issue were higher than 70 (R&R, Dkt 15 at 7-8). The Magistrate Judge also determined that Plaintiff's arguments about the credibility of his testimony and his father's testimony and the weight of the opinions of a consultative examiner and a social worker, were not arguments that provided a basis for disturbing the Commissioner's decision (R&R, Dkt 15 at 8-14).

In his first objection to the Report and Recommendation, Plaintiff argues that "the Commissioner and the Magistrate have erred in failing to adequately consider the concept of res adjudicata [sic]" (Dkt 16 at 2). Plaintiff opines that "[t]he Commissioner[']s burden requires more than simply a new ALJ who now chooses not to find the claimant disabled" (*id.* at 6). Plaintiff asserts that the ALJ is mandated to compare the evidence at the time of the previous decision, and not merely discuss alleged improvement from a worsened point after the time of the previous decision (*id.* at 11).

In considering Plaintiff's first issue presented—the proper listing, the Magistrate Judge decided that the ALJ's finding that Plaintiff did not meet or equal the requirements of listing 12.05(C) since February 1, 2007 is a finding supported by substantial evidence (R&R, Dkt 15 at 8); however, the Magistrate Judge did not discuss the principles of res judicata in the Report and Recommendation because Plaintiff did not present the issue for review. The issue is therefore procedurally waived because parties may not raise new arguments or issues at the district court stage that were not presented to the magistrate judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Even if the issue were not procedurally waived, Plaintiff's argument lacks merit. The principles of res judicata do not bind a subsequent ALJ to the findings of a previous ALJ where the record contains evidence of improvement in a claimant's condition. *See generally Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 841-42 (6th Cir. 1997). Here, the ALJ decided that new and material evidence showed that medical improvement occurred as of February 1, 2007 (AR 25-27). Plaintiff's "objection" to the Report and Recommendation demonstrates only his disagreement with the ALJ's determination that his condition improved, a determination for which there is substantial evidence. *See Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference.").

Plaintiff's second objection concerns "the failure of the ALJ to make specific findings relative to the credibility of the witnesses," an omission that Plaintiff opines constitutes error requiring reversal (Objs., Dkt 16 at 6-7). Plaintiff argues that the Magistrate Judge did not address the ALJ's "legal error of failing to adequately consider and address the [credibility] issue." (*id.* at 7). Plaintiff's argument lacks merit. The Magistrate Judge excerpted the relevant portion of the ALJ's decision assessing credibility, indicating his agreement with the Appeals Council that the ALJ's opinion was "sufficiently specific to make clear the reason for the Administrative Law Judge's finding on credibility" (R&R, Dkt 15 at 9-10). Plaintiff's argument does not identify any factual or legal error in the Magistrate Judge's review.

The remainder of Plaintiff's second objection merely restates, nearly verbatim, the arguments previously presented to the Magistrate Judge (Objs., Dkt 16 at 7-9). The Court declines to give these

3

arguments duplicative consideration, an endeavor, which, as Defendant appropriately observes in its response, would defeat the purpose and efficiency of consideration by the magistrate judge in the first instance. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).

In his third objection to the Report and Recommendation,[1] Plaintiff argues that in concluding that Dr. Douglas Bentley's report and test results were internally inconsistent, the ALJ either "went outside the record to conclude it, or did so with no supportive evidence" (Objs., Dkt 16 at 9, 11). The Magistrate Judge rejected Plaintiff's latter argument, that the ALJ improperly weighed this psychologist's opinion (R&R, Dkt 15 at 11); however, the Magistrate Judge did not discuss the administrative notice aspect to Plaintiff's argument in the Report and Recommendation because Plaintiff did not present the issue for review, merely discussing administrative notice in a footnote to his brief (Pl. Brief, Dkt 9 at 12 n.2). Therefore, this issue is also procedurally waived. *See Heston*, 245 F.3d at 535; *Murr*, 200 F.3d at 902 n.1.

In sum, Plaintiff's objections reveal no error by the Magistrate Judge requiring a disposition other than the affirmance recommended by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 16) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 15) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March  1 , 2013         /s/ Janet T. Neff
                               JANET T. NEFF
                               United States District Judge

---

[1] Plaintiff misnumbers his third objection with the Roman numeral II (Dkt 16 at 9).

4